UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALISA RAZUMOVSKY, | Case No. 2:25-cv-02257-DAD-CSK |
| Plaintiff, | |
| v. | ORDER DENYING DEFENDANT'S MOTION TO DISMISS AS PREMATURE |
| NELNET SERVICING LLC, | |
| Defendant. | (ECF No. 5) |

Plaintiff Alisa Razumovsky, who is proceeding pro se, has moved to proceed in forma pauperis ("IFP") in this action. (ECF No. 2.) After determining whether IFP is appropriate and granting IFP, the Court must screen the complaint and dismiss any claims that are frivolous or malicious, fail to state a claim on which relief may be granted, or seek monetary relief against an immune defendant. 28 U.S.C. § 1915(e)(2). Plaintiff's Complaint, which was filed on August 11, 2025, has not yet been screened; thus, the Court has not yet determined whether the Complaint states any cognizable claim(s). *See* Docket. In addition, on October 10, 2025, the Court ordered Plaintiff to file a signed Complaint within 30 days from the date of the order. *See* 10/10/2025 Order (ECF No. 4). No signed Complaint has been filed by Plaintiff. *See* Docket. Therefore, Defendant Nelnet Servicing, LLC's motion to dismiss (ECF No. 5) is denied as premature. *See Gibbons v. Arpaio*, 2007 WL 2990151, *2 (D. Az. Oct. 11, 2007) (dismissing as

premature a motion to dismiss that was filed before screening order issued). Once a signed Complaint is filed, the Court will screen the Complaint in due course, and if any cognizable claims remain after screening, Defendant will have the opportunity to respond to the Complaint or if leave to amend is provided, respond to an Amended Complaint. Accordingly, Defendant's motion to dismiss (ECF No. 5) is DENIED without prejudice. The December 9, 2025 hearing on Defendant's motion is hereby VACATED.

   IT IS SO ORDERED.

Dated:  November 5, 2025

CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

4, razu2257.25