UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ALISA RAZUMOVSKY,

        Plaintiff,

        v.

NELNET SERVICING, LLC,

        Defendant.

Case No. 2:25-cv-02257-DAD-CSK

ORDER GRANTING IFP REQUEST AND GRANTING LEAVE TO AMEND

(ECF Nos. 2, 9)

Plaintiff Alisa Razumovsky is representing herself in this action and seeks leave to proceed in forma pauperis ("IFP") pursuant to 28 U.S.C. § 1915.[1] (ECF No. 2.) Plaintiff's application in support of the IFP request makes the required financial showing. Accordingly, the Court grants Plaintiff's IFP request.

I.    SCREENING REQUIREMENT

Pursuant to 28 U.S.C. § 1915(e), the court must screen every in forma pauperis proceeding, and must order dismissal of the case if it is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (2000) (en banc). A claim is legally frivolous when it lacks an

---

[1]   This matter proceeds before the undersigned pursuant to 28 U.S.C. § 636, Fed. R. Civ. P. 72, and Local Rule 302(c).

1

arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). In reviewing a complaint under this standard, the court accepts as true the factual allegations contained in the complaint, unless they are clearly baseless or fanciful, and construes those allegations in the light most favorable to the plaintiff. *See Neitzke*, 490 U.S. at 327; *Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 960 (9th Cir. 2010), cert. denied, 564 U.S. 1037 (2011).

Pleadings by self-represented litigants are liberally construed. *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (liberal construction appropriate even post–*Iqbal*). However, the court need not accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact. *Western Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981). A formulaic recitation of the elements of a cause of action does not suffice to state a claim. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

To state a claim on which relief may be granted, the plaintiff must allege enough facts "to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. A pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend unless the complaint's deficiencies could not be cured by amendment. *See Lopez*, 203 F.3d at 1130-31; *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 339 (9th Cir. 1996).

**II.   DISCUSSION**

Plaintiff brings this action against Defendant Nelnet Servicing, LLC alleging the following six violations: (1) 15 U.S.C. § 1681s-2(a) based on a duty to report accurate and complete information; (2) 15 U.S.C. § 1681s-2(a)(1)(A) for furnishing information with knowledge of inaccuracy; (3) 15 U.S.C. § 1681s-2(a)(1)(B) for continuing to report inaccurate information after notice; (4) 15 U.S.C. § 1681s-2(a)(2)(B) for failing to update or correct inaccurate information; (5) 15 U.S.C. § 1681s-2(a)(8)(E)(iv) for failing to

2

properly respond to a dispute; and (6) Cal. Civ. Code § 1785.25(a) for knowingly furnishing incomplete and inaccurate information to credit reporting agencies. First Amended Complaint ("FAC") at 4 (ECF No. 9). Plaintiff alleges in 2024, she disputed her student loan accounts with Defendant due to incomplete and inaccurate information on her credit report. FAC ¶¶ 8-13. Plaintiff alleges she disputed various discrepancies she had discovered on her credit report, but that Defendant failed to conduct a proper investigation, fix these discrepancies, and provide accurate and timely information to credit reporting agencies. *Id.* ¶¶ 14-16.

### A.   No Private Right of Action Under 15 U.S.C. § 1681s-2(a)

The First Amended Complaint raises five causes of action (Claims 1-5) that are brought pursuant to 15 U.S.C. § 1681s-2(a). *See* FAC at 4. Under the Fair Credit Reporting Act, a claim for violation of 15 U.S.C. § 1681s-2(a) "can be pursued only by federal or state officials, and not by a private party." *Gorman v. Wolpoff & Abramson, LLP*, 584 F.3d 1147, 1162 (9th Cir. 2009). There is no private right of action that Plaintiff, as private citizen, can bring pursuant to 15 U.S.C. § 1681s-2(a). However, the Fair Credit Reporting Act does "expressly provide for a private right of action for willful or negligent noncompliance with its requirements" pursuant to 15 U.S.C. §§ 1681n and 1681o that is applicable to violations of the duties imposed by 15 U.S.C. § 1681s-2(b). *Id.* Therefore, any of the duties enumerated in 15 U.S.C. § 1681s-2(b) can provide for a private right of action. *Id.* Because the Court finds that Plaintiff may be able to state a claim under the Fair Credit Reporting Act, the Court will grant Plaintiff leave to amend her First Amended Complaint to the extent Plaintiff believes she has a viable claim against Defendant for violating the Fair Credit Reporting Act. Accordingly, Plaintiff's Claims 1-5 against Defendant are dismissed with leave to amend. *See Lopez*, 203 F.3d at 1130-31.

### B.   State Law Claim

Plaintiff also seeks to bring a claim pursuant to Cal. Civ. Code § 1785.25(a) for furnishing incomplete and inaccurate information to credit reporting agencies, which is a

state law claim. As discussed above, Plaintiff has failed to state a claim under federal law. Accordingly, the Court will not exercise supplemental jurisdiction over Plaintiff's state law claim. *See* 28 U.S.C. § 1367(c)(3); *Campos v. Fresno Deputy Sheriff's Association*, 535 F.Supp.3d 913, 931 (E.D. Cal. 2021); *Religious Tech. Ctr. V. Wollersheim*, 971 F.2d 364, 367-68 (9th Cir. 1992).

### C.      Leave to Amend

Although the Federal Rules adopt a flexible pleading policy, even a pro se litigant's complaint must give fair notice and state the elements of a claim plainly and succinctly. *Jones v. Community Redev. Agency*, 733 F.2d 646, 649 (9th Cir. 1984). In light of Plaintiff's pro se status, and because it is at least conceivable that Plaintiff could allege additional facts to state claims under 15 U.S.C. § 1681s-2(b), the Court finds it appropriate to grant Plaintiff an opportunity to amend her First Amended Complaint. *See Lopez*, 203 F.3d at 1130-31 (indicating that prior to dismissal, the court is to tell the plaintiff of deficiencies in the complaint and provide an opportunity to cure – if it appears at all possible the defects can be corrected).

If Plaintiff elects to file an amended complaint, this new pleading shall allege facts establishing the existence of federal jurisdiction and must contain a short and plain statement of Plaintiff's claim. The allegations of the complaint must be set forth in sequentially numbered paragraphs, with each paragraph number being one greater than the one before, each paragraph having its own number, and no paragraph number being repeated anywhere in the complaint. Each paragraph should be limited "to a single set of circumstances" where possible. *See* Fed. R. Civ. P. 10(b). Forms are available to help plaintiffs organize their complaint in the proper way. They are available at the Clerk's Office, 501 I Street, 4th Floor (Rm. 4-200), Sacramento, CA 95814, or online at www.uscourts.gov/forms/pro-se-forms. The amended complaint should be titled "Second Amended Complaint."

The amended complaint must not require the Court and the defendants to guess at what is being alleged against whom. *See McHenry v. Renne*, 84 F.3d 1172, 1177 (9th

4

Cir. 1996) (affirming dismissal of a complaint where the district court was "literally guessing as to what facts support the legal claims being asserted against certain defendants"). The amended complaint must not require the Court to spend its time "preparing the 'short and plain statement' which Rule 8 obligated plaintiffs to submit." *Id*. at 1180. The amended complaint must not require the Court and defendants to prepare lengthy outlines "to determine who is being sued for what." *Id*. at 1179.

Plaintiff is informed that the court cannot refer to a prior complaint or other filing in order to make the amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. As a general rule, an amended complaint supersedes prior complaint(s), and once the amended complaint is filed and served, any previous complaint no longer serves any function in the case. *Lacey v. Maricopa Cnty*., 693 F.3d 896, 927 (9th Cir. 2012).

**D.    Plaintiff's Miscellaneous Motion**

Plaintiff has also filed a motion for extension of time to file a response to Defendant's motion to dismiss. (ECF No. 15.) Defendant's motion to dismiss was denied as premature on December 9, 2025 due to the pending screening of Plaintiff's FAC. See 12/9/2025 Order (ECF No. 12). The Court therefore DENIES Plaintiff's motion for extension of time as unnecessary.

**III.    CONCLUSION**

In accordance with the above, IT IS ORDERED that:

1.    Plaintiff's motion for extension of time (ECF No. 15) is DENIED;

2.    Plaintiff's motion to proceed in forma pauperis (ECF No. 2) is GRANTED;

3.    Plaintiff's First Amended Complaint (ECF No. 9) is DISMISSED with leave to amend; and

4.    Plaintiff shall have 30 days from the date of this order to file a Second Amended Complaint that complies with the instructions provided above. If Plaintiff fails to timely comply with this order, the undersigned may

/ / /

recommend that this action be dismissed.

Dated:  February 27, 2026

_____
CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

4, razu2257.25