UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALISA RAZUMOVSKY, | Case No. 2:25-cv-02257-DAD-CSK (PS) |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS TO DISMISS FOR FAILURE TO PROSECUTE |
| v. | |
| NELNET SERVICING, LLC, | |
| Defendant. | |

This action is brought by Plaintiff Alisa Razumovsky proceeding pro se.[1] (ECF No. 1.) On February 27, 2026, the Court issued an order granting Plaintiff's motion to proceed in forma pauperis (ECF No. 2) but rejecting the First Amended Complaint (ECF No. 9) and granting Plaintiff 30 days to file an amended complaint. 2/27/2026 Order (ECF No. 17). Plaintiff was cautioned that failure to timely comply with the Court's order could lead to a recommendation that the action be dismissed. Plaintiff did not file an amended complaint within the time limit. On April 13, 2026, the Court issued an order to show cause within 14 days why this case should not be dismissed for failure to prosecute. 4/13/2026 Order (ECF No. 18). Plaintiff has not responded to the Court's orders, nor taken any further action to prosecute this case. Thus, the Court recommends

---

[1] This matter proceeds before the undersigned pursuant to 28 U.S.C. § 636, Fed. R. Civ. P. 72, and Local Rule 302(c).

1

dismissal for failure to prosecute.

## I.   LEGAL STANDARDS

Under Federal Rule of Civil Procedure 41, a court may dismiss an action for failure to prosecute or failure to comply with the Federal Rules of Civil Procedure, the court's local rules, or any order of the court. Fed. R. Civ. P. 41(b); *see also Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995) (approving dismissal under Rule 41(b) for a party's failure to follow the district court's local rules). This court's Local Rules are in accord. *See* E.D. Cal. Local Rule 110 ("Failure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court."); E.D. Cal. Local Rule 183(a) (providing that a pro se party's failure to comply with the federal rules, local rules, or other applicable law may support dismissal of that party's action). The court may act on its own accord in exercising this authority. *Hells Canyon Preservation Council v. U.S. Forest Serv.*, 403 F.3d 683, 689 (9th Cir. 2005) (approving sua sponte dismissals under Rule 41(b)).

The Ninth Circuit has found the following factors relevant in determining whether a case should be dismissed under Rule 41(b):

(1) the public's interest in expeditious resolution of litigation;
(2) the court's need to manage its docket;
(3) the risk of prejudice to the defendant(s);
(4) the availability of less drastic alternatives; and
(5) the public policy favoring disposition of cases on their merits.

*Applied Underwriters, Inc. v. Lichtenegger*, 913 F.3d 884, 890 (9th Cir. 2019).

## II.   DISCUSSION

Applying the factors for involuntary dismissal, the Court finds this action should be dismissed. *See Applied Underwriters*, 913 F.3d at 890. The first two factors weigh in favor of dismissal because the public has a strong interest in expeditious resolution of litigation, and Plaintiff has failed to take the steps necessary to move this case forward. In addition, this district court in particular has a strong need and interest in managing its docket given the extremely high caseload in the Eastern District of California. While the

risk of prejudice to Defendant is somewhat minimal, there is some prejudice given the impact on resources of stale litigation.

As to the fourth factor, the Court has already tried less drastic alternatives. Specifically, Plaintiff was previously ordered to file an amended complaint within 30 days of the Court's February 27, 2026 Order. Plaintiff missed the filing deadline and was given an opportunity to explain this failure or file an amended complaint within 14 days of the Court's order to show cause. 4/13/2026 Order. Despite this, Plaintiff has failed to respond to the order to show cause or file an amended complaint. Plaintiff has ceased participating in this litigation, leaving the Court with little alternative but to recommend dismissal.

Finally, as to the public policy favoring disposition of cases on their merits, that factor is outweighed here. Indeed, it is Plaintiff's own failure to prosecute the case and comply with the rules that precludes a resolution on the merits.

Therefore, after careful consideration, the Court concludes dismissal for failure to prosecute is appropriate. *See Hells Canyon,* 403 F.3d at 689 (approving court's sua sponte dismissal under Rule 41(b) for a plaintiff's failure to prosecute or comply with the Federal Rules of Civil Procedure or the court's orders).

**III.   CONCLUSION**

Accordingly, IT IS HEREBY RECOMMENDED that:

1.   Plaintiff's action be DISMISSED; and

2.   The Clerk of Court be directed to CLOSE this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within 14 days after being served with these findings and recommendations, any party may file written objections with the Court and serve a copy on all parties. This document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served on all parties and filed with the Court within 14 days after service of the objections. Failure to file objections within the specified time

may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

Dated:  May 8, 2026

_____
CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

8, razu.2257.25

4